FILED

2005 Sep-12  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| JACQUELINE D. HENDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CV 04-B-2433-S |
| | ) | |
| WASHINGTON NATIONAL INSURANCE CO.; CONSECO SERVICES, L.L.C.; THOMAS B. HANEY; TRUSTMARK NATIONAL BANK, | ) ) ) ) ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM OPINION</u>

This case is presently pending before the court on Motions to Dismiss filed by defendant Washington National Insurance Co., (doc. 3), and Conseco Services, L.L.C., (doc. 2). Plaintiff has filed a Motion for Leave to File an Amended Complaint, (doc. 17), and a Motion to Dismiss, (doc. 20), asking the court to dismiss defendant Trustmark National Bank. Upon consideration of the record, the submissions of the parties, the arguments of counsel, and the relevant law, the court is of the opinion that defendants' Motions to Dismiss, (docs. 2 and 3), are due to be granted; plaintiff's Motion for Leave to File an Amended Complaint, (doc. 17) is due to be denied, and plaintiff's Motion to Dismiss, (doc. 20), is due to be granted.

Plaintiff has sued defendants – Washington National Insurance Co.; Conseco Services, L.L.C.; and Trustmark National Bank – for damages caused by plaintiff's purchase of a health insurance policy.  Plaintiff's claims are based on her allegation that defendants:

> suppressed or concealed from Plaintiff the material facts that in the event any of the insureds under Plaintiff's policy suffered significant illness or injury, Plaintiff would be placed in a tier or category with other policyholders who suffered significant illness or injury, and Plaintiff's premium would be increased to exorbitant amounts that would make the policy unaffordable to Plaintiff.

(Doc. 1, Ex. A (Complaint) ¶ 9.)  Her Complaint contains five causes of action:

> 1. Fraud – "Defendants defrauded Plaintiff through [their] intentional, willful, wanton, reckless and/or negligent misrepresentations and suppressions of material fact concerning the premiums charged for the 'group' coverage purchased and the increases in said premiums, which Plaintiff justifiably relied upon to [her] detriment."  (*Id.* ¶ 27.)

> 2.   Fraudulent Concealment – "In addition to making affirmative representations to Plaintiff, the Defendants wrongfully concealed and suppressed from Plaintiff the true nature of the pattern and practice in which the Defendants were engaged."  (*Id.* ¶ 30.)

> 3. Conspiracy – "Defendants conspired to mislead Plaintiff concerning the premium increases on the 'group' policies sold to her by imposing improper and illegal premium increases on said policies and by suppressing and concealing the actual basis for their premium increases.  Defendants conspired to constructively cancel, by exorbitant premium increase, the policies of individuals such as Plaintiff, who made substantial claims or suffered from certain medical conditions, and to improve Defendants' profit margin on these policies."  (*Id.* ¶ 33.)

> 4. Breach of Fiduciary Duty – "Defendants owed a fiduciary duty to Plaintiff to disclose material facts and circumstances . . . .  Defendants breached their fiduciary duties to Plaintiff in that Defendants wrongfully failed to calculate the premiums on these insurance policies in a fair and equitable manner . . .

2

and wrongfully failed to disclose that the increases in premiums . . . were based on factors other than the group claims experience."  (*Id.* ¶¶ 40-41.)

5.  Breach of Contract – "Defendants . . . entered into a contract to provide 'group health' insurance to Plaintiff in return for premiums quoted, and fairly and accurately computed, in accordance with the statements and representations made to Plaintiff . . . .  The premiums actually charged to Plaintiff . . . were substantially more than the amount of premiums due had those premiums been properly computed."  (*Id.* ¶¶ 44-45.)

On March 23, 2005, the court ordered plaintiff to file an opposition to defendant's Motions to Dismiss.  (Doc. 15.)  The court noted that plaintiff did not need to "address defendants' arguments that the statute of limitations bar[red her] tort claims,"  (*id.* n.1), because the court found such claims were time-barred in its Memorandum Opinion denying plaintiff's Motion to Remand, (*see* doc. 13 at 7-8 (citing *Smith v. National Security Insurance Co.*, 860 So. 2d 343, 346-47 (Ala. 2003)).

In her response to defendants' Motion to Dismiss, plaintiff states that she "disagrees with the Court's decision" regarding her tort claims, (doc. 16 ¶ 1); along with her response she filed a Motion for Leave to File an Amended Complaint, (doc. 17).  Her proposed Amended Complaint did not contain a breach-of-contract claim.  (*See* doc. 17, Ex. 1.)  Moreover, the proposed Amended Complaint  does not contain additional "facts and circumstances" to demonstrate how plaintiff's tort claims are timely or fall within the savings clause of Ala. Code § 6-2-3.

Because plaintiff does not oppose dismissal of her contract claim and because her Amended Complaint fails to show her tort claims were timely filed, defendants' Motions to

Dismiss, (docs. 2 and 3), will be granted.  All claims against defendants Washington National Insurance Company and Conseco Services, L.L.C., are due to be dismissed.  Plaintiff's Motion for Leave to File Amended Complaint, (doc. 17), will be denied.

Plaintiff has filed a Motion to Dismiss her claims against the remaining defendant, Trustmark National Bank.  (Doc. 20.)  Plaintiff's Motion to Dismiss will be granted and all claims against defendant Trustmark National Bank will be dismissed.

An Order granting defendants' Motions to Dismiss, (docs. 2 and 3), denying plaintiff's Motions for Leave to File Amended Complaint, (doc. 17), granting plaintiff's Motion to Dismiss, (doc. 20), and dismissing all claims against all remaining defendants will be entered contemporaneously with this Memorandum Opinion.

**DONE** this 12th day of September, 2005.


_Sharon Lovelace Blackburn_
SHARON  LOVELACE  BLACKBURN
UNITED STATES DISTRICT JUDGE

4